Richard S. Heller, J.
On June 20, 1954, the claimant with his wife went to Green Lake State Park located in Onondaga County near the city of Syracuse.
He paid admission to get into the park and after some hours there he decided that it was time to go home, it then being about 5:00 p.m.
In looking for friends he finally located them bathing' and decided to join them. He waded out until the water was up to his knees and then executed a surface dive. In so doing he either struck bottom or some submerged object and as a result he suffered injuries to his head.
The bathing area is confined to the western shore of the lake with north and south buoy lines extending out from the shore. Claimant contends that the accident happened near the middle of this beach and if his memory is correct he would have to pass by a sign sufficiently large to warn bathers against diving in that area. He did not see any sign.
The beach is a downward slope toward the east and the water depth increases gradually. Twelve feet from shore the depth is 2 feet and 30 feet from shore the depth is 6 feet.
The park has an attendence of 10,000 on week ends and some 5,000 to 6,000 people enjoy the bathing facilities during the day. At the time the accident happened it was estimated that 1,000 people were in the bathing area,
*288 Every morning during the season the entire beach was searched for foreign bodies by employees of the State in an effort to avoid any possible injuries to bathers. The morning after the accident this procedure was followed and no object was found in the area. That some objects will be left on the beach by children and others should be as apparent to claimant as it would be to the State.
This search seems to the court to be sufficient by the State in its obligations to use reasonable care to prevent injury to the bathers. Had their experience been that other accidents of a similar nature had happened, then, they would necessarily be required to exercise a greater degree of care.
Claimant has a responsibility and a duty to exercise some degree of care in using this bathing area. In addition he must show negligence on the part of the State.
The proof here does not establish that the State was negligent.
The motion to dismiss made by the Attorney-General at the conclusion of the trial is granted and the claim is dismissed.
The foregoing constitutes the written and signed decision of this court upon which judgment may be entered. (Civ. Prae. Act, § 440.)